WILLIAM M. HARLOW, Respondent, *v.* RICHARD F. SASS, Appellant.

*Attachment — Cash Sale.*—To authorize an attachment under subdivision 13, § 1, p. 239, R. C. 1855, it must be stipulated by the contract, that the price or value of the article sold was to be paid on delivery. If credit was given or intended, the creditor must pursue his remedy by an ordinary action at law. A promise to give a note payable at a future date, is not a promise to pay on delivery.

*Appeal from St. Louis Circuit Court.*

*Sharp & Broadhead*, for appellant.

*Krum & Decker*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted by attachment to recover a balance of two hundred dollars due on the sale of a piano. The attachment was obtained under the thirteenth subdivision of the first section of the attachment act, and the affidavit alleged that by contract the whole amount for which the piano was sold was to be paid when the same was delivered; and then stated the failure and refusal to pay the sum of $200, the balance claimed. Upon the trial, the following paper was introduced, it being the principal evidence offered by the plaintiff to maintain his action:

" Sold to R. F. Sass, one parlor grand piano forte, seven octaves, T. Gilbert & Co., makers, No. ——.

| | |
|---|---|
| Received one second-hand piano of R. F. Sass, at | $200 00 |
| " cash (gold), - - - - - | 100 00 |
| | $300 00 |

For the balance, I am to receive note of Mrs. Hamilton, endorsed by Mr. Sass, to be due April 1, 1862, for $200.

" St. Louis, January 12, 1862.

(Signed,)      WM. M. HARLOW."

It was proved that the piano was delivered on the 12th day of January, 1862, and that the old piano and the $100 in cash were received on the same day; but the note of Mrs.

Hamilton, endorsed by Sass, was not delivered. Indeed, it appears that Sass refused to procure and endorse the note, on the ground that Harlow had misrepresented the kind and quality of the piano sold to him.

Upon the trial of the issue of a plea in abatement, on behalf of the plaintiff, the court instructed the jury, that if they found from the evidence that the plaintiff sold and delivered the piano in question to the defendant, and that at the time of the sale the defendant agreed to pay for the same on delivery, according to agreement, $100 in gold, a second-hand piano, valued by the parties at $200, and the balance of $200, in a note of Mrs. Hamilton, payable on the first of April following, to be endorsed by defendant; and that the plaintiff did deliver the piano, but the defendant failed or refused to make the payment as above stated, then the jury should find for the plaintiff.

The defendant then asked the court to instruct the jury, in substance, that, if they believed from the evidence that time was given by plaintiff for the price of the piano, or any portion of the price, they should find for the defendant; that if no time was fixed for the delivery of the note of Mrs. Hamilton, and it was to be made payable at a period after the date of the contract, then the delivery of the note at any time before it was to become due, would be a compliance with the contract; that an agreement to deliver a note payable at a future day was not a contract to pay on delivery, and that if credit was given to defendant Sass, then it was not a contract to pay on delivery, and the jury should find for defendant: which the court refused to give, and the jury then found the issue for the plaintiff.

It must be stipulated by the contract, that the price or value of the article or things sold was to be paid for on delivery, else attachment will not lie. If credit is given or intended, the creditor must pursue his remedy by an ordinary action at law. Now, what is the reasonable construction of the contract as evidenced by the receipt of Harlow, introduced as testimony? He acknowledges the receipt of the

second-hand piano, valued at $200, and also of $100 in cash, and for the balance he explicitly states that he is to receive the note of Mrs. Hamilton, endorsed by Sass, payable on the first of April ensuing. This language plainly implies that the note was to be delivered at some future day, and that credit was intended; and when we consider the character of the instrument to be taken or received, this opinion is strengthened. The note would not be absolute payment, unless made so by the express agreement of the parties; that there was no such agreement or understanding, is evinced by Harlow's requiring the note to be endorsed, that he might have recourse against the endorser in case of non-payment.

This view of the case wholly precludes the idea of full and complete payment being intended at the time of delivery, and leads to the conclusion that credit was within the contemplation of the parties.

Wherefore the judgment is reversed, and the cause remanded. The other judges concur.